PLANTERS NATIONAL BANK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22455.   Promulgated January 9, 1930.

*T. D. Meares, Esq.,* for the petitioner.
*B. M. Coon, Esq.,* for the respondent.

706

## OPINION.

Smith: The only question in issue in this case is the right of the petitioner to deduct from gross income in its income-tax return for the fiscal year ended June 30, 1923, $10,000 representing a portion of a debt owed to it by B. G. Alford & Co., which it claims was ascertained to be worthless in 1923; and for which it set up a reserve in its books of account of $10,000. At the hearing of this proceeding counsel for the respondent stated that it was the respondent's contention:

 * * * That the claims of the petitioner in this regard are inconsistent with the real situation and facts in the case, namely that they report their income on a cash receipts and disbursements basis for that year, and the alleged loss was unascertainable during that year and had not been ascertained during that year, and that their action in passing the resolution upon which the book entries were based was not for the purpose of making a definite charge-off of the indebtedness, nor could it be properly construed under the circumstances as a charge-off.

The provision of the statute under which the deduction of the $10,000 was made upon the return is section 234(a) of the Revenue Act of 1921, which provides, so far as is material, as follows:

That in computing the net income of a corporation subject to the tax imposed by section 230 there shall be allowed as deductions:

\*        \*        \*        \*        \*        \*        \*

(5) Debts ascertained to be worthless and charged off within the taxable year (or in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts); and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

It was the intention of Congress in the adoption of this provision to permit a taxpayer who had ascertained a debt to be worthless within the taxable year and had charged it off its books of account within that year to deduct the same from gross income in its tax return, and that where it had been determined that a debt was recoverable only in part and the Commissioner was satisfied that the debt was recoverable only in part, the taxpayer might deduct such part from his gross income, provided it had been charged off the books of account.

We are satisfied from the evidence in this proceeding that the petitioner had ascertained prior to June 30, 1923, that at least $10,000 of its claim against B. G. Alford & Co. was worthless. We are further satisfied that the fact that the petitioner kept its books of account and made its returns upon a cash receipts and disbursements basis does not operate to bar the petitioner from the deduction claimed. The petitioner had loaned this money to B. G. Alford & Co. It was not a deduction from the gross income at the date the loan was made. It was clearly within the scheme of the statute that the petitioner should be allowed the deduction of the loss of such a loan at some time. We think that the fact that the petitioner kept its books of account and made its tax returns on the basis of cash receipts and disbursements does not prevent it from claiming the deduction of a loss of this character at some time. *First National Bank of Omaha*, 17 B. T. A. 1358.

Since we are satisfied that the B. G. Alford & Co. debt was ascertained to be worthless to the extent of at least $10,000 in the fiscal year ended June 30, 1923, it only remains to consider whether there was such a charge-off of the amount as is required by the statute. The evidence of record is conclusive upon the point that the reserve of $10,000 was set up specifically to cover the Alford & Co. loss.

In *Thomas J. Avery*, 5 B. T. A. 872, we stated:

The statute does not provide any particular manner for the charging off of a bad debt. We think that the method employed by the petitioner meets the challenge of the statute. If the petitioner were a corporation and the corporation was required to prepare balance sheets for the purpose of determining

invested capital and the notes receivable were included in the balance sheet at the face value of the notes, there might be a serious question as to whether this method of charging off bad debts met the challenge of the statute. But we think that in the case of this individual for the year 1919, the notation on the note record that the note was charged off to income tax constituted a sufficient compliance with the statute to warrant the petitioner in making the deduction provided the note was ascertained to be worthless within the calendar year 1919.

In the instant proceeding we think it is immaterial whether the $10,000 be recorded as a net addition to a reserve for bad debts or as a charge-off of the debt in part. Whichever way it is considered the amount is a legal deduction from the gross income of the fiscal year ended June 30, 1923. The contention of the petitioner is sustained.

*Judgment will be entered under Rule 50.*